UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY A. PRUSSIN; JUDY M. PRUSSIN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BEKINS VAN LINES, LLC; BEKINS VAN LINES, INC.; TRIPLE CROWN MAFFUCCI STORAGE CORPORATION,<br><br>　　　　Defendant. | Case No.  5:13-cv-02874-HRL<br><br>**ORDER DIRECTING BEKINS LLC TO SHOW CAUSE WHY TERMINATING SANCTIONS SHOULD NOT BE IMPOSED**<br><br>Re: Dkt. No. 63 |

　　　　Plaintiffs filed this suit, asserting claims for negligence and for violation of the Carmack Amendment, 49 U.S.C. § 14706(c)(1)(A) for damage to their personal property allegedly sustained during a cross-country move.  Bekins LLC is now the sole remaining defendant in this case.[1]

　　　　Bekins LLC initially was represented by counsel and answered the complaint; but, it otherwise did not participate in this litigation.  According to plaintiffs, Bekins LLC's apparent decision to abandon its defense of this matter required them to spend additional time and resources litigating this case.  For example, early in the case, plaintiffs advised that all parties agreed to

---

[1] Early on, plaintiffs voluntarily dismissed defendant Bekins Van Lines, Inc.  And, earlier this year, plaintiffs settled their claims against defendant Triple Crown Maffucci Storage Corporation (TCM).  TCM voluntarily dismissed its cross-claims against Bekins LLC without prejudice.

arbitrate this matter. So, the initial case management conference was vacated and the case was administratively closed for several months while the parties were to arbitrate plaintiffs' claims. But, the planned arbitration with the originally chosen provider fell through. And, when plaintiffs asked defendants whether they would be willing to proceed with a different provider, Bekins LLC did not respond; and, TCM said that it did not want to resolve the matter in a different forum than Bekins LLC. Thus, at plaintiffs' request, the action was re-opened in March 2014, and Bekins LLC remained largely absent from the proceedings.

It wasn't until earlier this year that this court was told that Bekins LLC reportedly was dissolved. And, indeed, in a subsequent motion to withdraw as counsel of record, Bekins LLC's attorney confirmed as much. The motion to withdraw was granted on condition that papers could continue to be served on counsel for forwarding purposes unless and until Bekins LLC appeared through other counsel. In that order, Bekins LLC was advised that it could only appear in this matter through an attorney. Defendant was further advised that it retained all of the obligations of a litigant and that its failure to appoint an attorney could lead to an order striking its pleadings or to the entry of its default. (Dkt. 55).

Shortly after, plaintiffs (with leave of court) filed a Fed. R. Civ. P. 37 motion to compel Bekins LLC to respond to discovery. On May 19, 2015, that motion was granted. Bekins LLC was ordered to produce responsive discovery (with no objections, other than for attorney-client privileged matters) and to pay $1,200 in plaintiffs' fees and costs incurred in bringing the motion.

Plaintiffs now advise that Bekins LLC has not complied with that order. Pursuant to Fed. R. Civ. P. 37(c), they seek terminating sanctions as to Bekins LLC.

If a party fails to obey an order to provide or permit discovery, the court may impose sanctions, including striking pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii). "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012) (citation omitted). In determining whether such sanctions are appropriate, courts must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (citations omitted). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." Id. Thus, whether terminating sanctions are appropriate depends on the third and fifth factors. Id.

The public's interest in expeditious resolution of litigation and the court's need to manage its docket have been adversely affected by Bekins LLC's failure to participate in these proceedings. For the reasons discussed above, it appears that at some point early in this case, Bekins LLC made a decision to willfully abandon its defense of this matter, including participation in discovery. Yet, it wasn't until several months ago that this court was apprised of defendant's dissolution (the details of which remain murky).

The Ninth Circuit has observed that a party suffers prejudice if the opposing party's actions impair its ability to go to trial or threaten to interfere with the rightful decision of the case. Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993). Here, Bekins LLC's failure to respond to discovery or to otherwise participate in these proceedings has hampered plaintiffs' ability to resolve this matter. And, while it is preferable to resolve matters on the merits, Bekins LLC's lack of participation has made that impossible.

As for the availability of less drastic sanctions, this court previously imposed monetary sanctions for Bekins LLC's failure to respond to plaintiffs' discovery requests. The order imposing those sanctions, however, went unheeded. And, Bekins LLC is expressly advised that, as a consequence, it is now in peril of having its answer stricken and its default entered.

Accordingly, **no later than August 21, 2015**, Bekins LLC shall file a written response to this order, showing cause why its answer should not be stricken and its default entered for failure to participate in discovery and this litigation. Unless otherwise ordered, the matter will then be deemed submitted without further hearing or briefing.

Gregg Garfinkel, who remains on this docket solely for forwarding purposes, shall

1  promptly file a proof of service on Bekins LLC as to this order.

2      SO ORDERED.

3  Dated: August 5, 2015

                              HOWARD R. LLOYD
                              United States Magistrate Judge

5:13-cv-02874-HRL Notice has been electronically mailed to:

Allen Gabriel Haroutounian    aharoutounian@nemecek-cole.com

Frank Xavier Dipolito    fdipolito@swaindipolito.com, swaindipolito@lawyer.com

Gavin E Kogan    gavin@lg-attorneys.com

Gregg S. Garfinkel    ggarfinkel@nemecek-cole.com

Ross Ian Landau    rlandau@swaindipolito.com